UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YESSER MONRROY GALDAMEZ,

Petitioner,

v. Case No. 3:26-cv-2685-MMH-PDB

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner Yesser Monrroy Galdamez, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on October 5, 2026. See generally Petition. Monrroy Galdamez, a citizen of Honduras, was temporarily detained at the border and paroled into the United States on September 23, 2024. See id. at 4. On September 29, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Monrroy Galdamez. Id. As relief, he seeks, inter alia, immediate release. Id. at 10.

The Federal Respondents understand Monrroy Galdamez to argue that his continued detention violates the Immigration and Nationality Act. See Respondents' Opposition to Petition for Writ of Habeas Corpus (Doc. 8) at 3–5.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Monrroy Galdamez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Monrroy Galdamez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Monrroy Galdamez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Monrroy Galdamez an

[1] Because the Court finds that Monrroy Galdamez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Monrroy Galdamez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

[2] Monrroy Galdamez is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).